IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLANIA

| | | |
|---|---|---|
| IN RE: | : | |
| WILLIAM F. TRENTZSCH, III | : | Chapter 13 |
|     Debtors | : | |
| | : | Case No. 1:19-bk-00811-HWV |
| HEATHER TRENTZSCH | : | |
| aka HEATHER DIANE GUY | : | |
|     Plaintiff | : | |
| | : | Adversary No. 1:19-ap-00069-HWV |
| v. | : | |
| | : | |
| WILLIAM F. TRENTZSCH, III | : | |
|     Defendant/Debtor | : | |

## MEMORANDUM OPINION AND ORDER

On June 7, 2019, Plaintiff filed the above-captioned Complaint to Determine Dischargeability under 11 U.S.C. §§ 523(a)(15), 523(a)(2)(A), 523(a)(2)(B), and 523(a)(4)[1] (the "Complaint"). In her Complaint, Plaintiff seeks a determination that she holds a non-dischargeable property interest in the Defendant's 401(k) account and certain restricted stock of CoStar Group, Inc. (the "Stock") or, in the alternative, that the Defendant owes her a debt that should be excepted from discharge under the provisions cited above. Plaintiff's Complaint includes the following five counts:

    (I) Denial of Discharge Regarding 401(k) Account Pursuant to 11 U.S.C. § 523(a)(15);

    (II) Denial of Discharge Regarding Stock Sale Pursuant to 11 U.S.C. § 523(a)(15);

    (III) Denial of Discharge Pursuant to 11 U.S.C. §§ 523(a)(2)(A) and (B);

    (IV) Denial of Discharge Pursuant to 11 U.S.C. § 523(a)(2)(A) Fraudulent Transfers;

    (V) Breach of Fiduciary Duty and Defalcation Under 11 U.S.C. § 523(a)(4).

---

[1] Unless otherwise noted, all future statutory references are to the Bankruptcy Code, 11 U.S.C. §101 et seq. (the "Code").

On July 2, 2019, the Defendant filed a Motion to Dismiss the Adversary Proceeding Pursuant to Federal Rule of Civil Procedure 12(b)(6) (the "Motion"). The Plaintiff answered the Motion on July 2, 2019 (the "Answer"). A hearing on the Motion and Answer was held on August 13, 2019. The matter is now ripe for decision.

### A. Standard of Review

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint in whole or in part for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). "Under the 'notice pleading' standard embodied in Rule 8 of the Federal Rules of Civil Procedure, a plaintiff must come forward with 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Thompson v. Real Estate Mortg. Network*, 748 F.3d 142, 147 (3d. Cir. 2014) (quoting Fed. R. Civ. P. 8(a)(2)).

When resolving a Rule 12(b)(6) motion, "a court must consider no more than whether the complaint establishes 'enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary elements' of the cause of action." *Trzaska v. L'Oreal USA, Inc.*, 865 F. 3d 155, 162 (3d Cir. 2017) (quoting *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016)). In reviewing the sufficiency of a complaint, a court must do three things. First, it must identify the elements of the claim. *See Connelly*, 809 F.3d at 787 (citations omitted). Second, it must identify conclusions that are not entitled to the assumption of truth. *Id*. Finally, the court must assume the veracity of the well-pleaded factual allegations and determine whether they plausibly give rise to an entitlement to relief. *Id*. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

### B. Plaintiff's Complaint

Here, in counts III, IV, and V Plaintiff's Complaint fails to state a claim upon which relief may be granted. In Counts I and II, Plaintiff asserts facts sufficient to state a plausible claim for relief. The court will address each of the five counts in turn.

#### 1. Count I - DENIAL OF DISCHARGE REGARDING 401(K) ACCOUNT PURSUANT TO § 523(A)(15)

The Federal Rules do not require a plaintiff to set out a legal theory at the pleadings stage, and courts have upheld a complaint against a Rule 12(b)(6) motion to dismiss even though the plaintiff appeared to rely on an inappropriate theory. *Andrews v. Monroe Cty. Transit Auth.*, 523 F. App'x 889, 891 (3d Cir. 2013) (citations omitted); *see also Bartholet v. Reishauer A.G.,* 953 F.2d 1073, 1078 (7th Cir. 1992) ("[T]he complaint need not identify a legal theory, and specifying an incorrect theory is not fatal.").

Count I of the Complaint seeks a judgment in the amount of the Plaintiff's ownership interest in the Debtor's 401(k) and a determination that such judgment is non-dischargeable pursuant to § 523(a)(15). For a debt to be found non-dischargeable pursuant to § 523(a)(15), the Plaintiff must establish first that it is a debt of the kind described in § 523(a)(15) and second that the debtor is seeking a discharge under §§ 1141, 1228(a), 1228(b) or 1328(b). Count I of the Complaint pleads neither of these elements. To the contrary, the Plaintiff specifically pleads in Count I that "Defendant does not owe Plaintiff a personal liability or debt." Compl. 39. Also, it cannot be fairly disputed that the Defendant is presently seeking a discharge under § 1328(a)—not §§ 1141, 1228(a), 1228(b) or 1328(b). Therefore, Count I of the Complaint fails to state a claim upon which relief may be granted pursuant to § 523(a)(15).

Although the § 523(a)(15) theory as pleaded is incorrect, this court believes the Plaintiff has stated a plausible claim for relief against the Defendant under the theory that she possesses an

interest in the 401(k) of a kind not dischargeable under any provision of the Code. In so doing, the Plaintiff has also stated a plausible claim for relief against the Defendant under a theory of constructive trust based upon unjust enrichment. Under Pennsylvania law, "[a] constructive trust arises when a person holding title to property is subject to an equitable duty to convey it to another on the ground he would be unjustly enriched if he were permitted to retain it." *In re Perotti*, No. 1:07-BK-01889MDF, 2008 WL 5158275, at *2 (Bankr. M.D. Pa. Oct. 22, 2008) (citations omitted). A constructive trust may be applied even when the acquisition of property was not wrongful. *Id.* (citations omitted).[2]

After identifying conclusions that are not entitled to the assumption of truth, and assuming the veracity of the well-pleaded factual allegations, this court determines that the Plaintiff has sufficiently pleaded the elements necessary to establish a non-dischargeable ownership interest in the 401(k) that is not dischargeable under any provision of the Code and for the imposition of a constructive trust based upon a theory of unjust enrichment. Specifically, Plaintiff has pleaded the existence of a Qualified Domestic Relations Order issued by the Circuit Court for Baltimore County, Maryland granting her a vested property right in "50% of the Defendant's Total Account Balance" in the 401(k) as of January 16, 2018. Compl. 6–10, 13 16, 33, 39, 42. Plaintiff has also pleaded that the Defendant came into possession of that vested property interest. Compl. 12, 15–16, 18, 38–39. Lastly, the Plaintiff has pleaded that Defendant held her vested property interest subject to an equitable duty to convey it to her on the ground that Defendant would be unjustly

---

[2] Without deciding the choice of law issues that may be present, Maryland law is in accord with Pennsylvania law. *See Fisher v. Estate of Fisher*, No. 1873,SEPT.TERM, 2016, 2018 WL 2474184, at *5 (Md. Ct. Spec. App. June 1, 2018), *cert. denied sub nom. Estate of Fisher v. Estate of Fisher*, 461 Md. 457, 193 A.3d 208 (2018) (citing *Wimmer v. Wimmer*, 287 Md. 663, 668 (1980) ("The purpose of the remedy is to prevent the unjust enrichment of the holder of the property."); *Robinette v. Hunsecker*, 439 Md. 243, 259, 96 A.3d 94, 103 (2014) (concluding that the court "has authority to impose a constructive trust on retirement benefits [already] received by a surviving spouse when . . . circumstances [] give the former spouse a 'higher equitable call' to the promised benefits.").

enriched if he was permitted to retain it. Compl. 14–17, 25, 33, 35, 37–39, 41–42.

For the foregoing reasons, although the § 523(a)(15) theory as pleaded is incorrect, the Plaintiff has stated a plausible claim for relief under the theory that she possesses an ownership interest in the 401(k) that is not dischargeable under any provision of the Code. She has also pleaded a theory of constructive trust based upon unjust enrichment and should therefore have the opportunity to proceed on these claims.

### 2. Count II - DENIAL OF DISCHARGE REGARDING STOCK SALE PURSUANT TO § 523(A)(15)

Similar to Count I above as it relates to the 401(k), the Plaintiff in Count II seeks a judgment in the amount of the Plaintiff's ownership interest in the Stock and a determination that that such judgment is non-dischargeable pursuant to § 523(a)(15). For the same reasons described in Count I above relative to the 401(k), the Plaintiff's § 523(a)(15) theory as pleaded in Count II relative to the Stock is incorrect and thus fails to state a claim upon which relief may be granted pursuant to that provision.

Nonetheless, this court determines that the Plaintiff in Count II has sufficiently pleaded the elements necessary to establish that she has an ownership interest in the Stock that is not dischargeable under any provision of the Code and for the imposition of a constructive trust based upon a theory of unjust enrichment. Specifically, Plaintiff has pleaded the existence of a property settlement agreement by and between the parties granting Plaintiff a vested property right in "50% of the after-tax proceeds" from the sale of the Stock. Compl. 20, 21, 33, 46, 51. Plaintiff has also pleaded that the Defendant came into possession of that vested property interest. Compl. 22, 45, 46. Finally, the Plaintiff has pleaded that Defendant holds her vested property interest subject to an equitable duty to convey it to her on the ground that Defendant would be unjustly enriched if he was permitted to retain it. Compl. 20–22, 44–46, 50–51.

5

For the foregoing reasons, although the § 523(a)(15) theory as pleaded is incorrect, the Plaintiff has stated a plausible claim for relief under the theory that she possesses an ownership interest in the Stock that is not dischargeable under any provision of the Code. She has also pleaded a theory of constructive trust based upon unjust enrichment and should therefore have the opportunity to proceed on these claims.

3. **Count III - DENIAL OF DISCHARGE PURSUANT TO §§ 523(A)(2)(A) AND (B)**

In Count III, the Plaintiff asserts in the alternative that her claims against the Debtor should be excepted from discharge under § 523(a)(2)(A) or § 523(a)(2)(B) as debts arising from false pretenses, false representations, or actual fraud. For a debt to be found non-dischargeable due to a false representation pursuant to § 523(a)(2), the Plaintiff must establish: (1) that the debtor received money, or other value, based upon false representations; (2) that such false representations are both material and made with the intent to deceive the party to whom it was directed; (3) that the creditor justifiably relied upon the material misrepresentation; and (4) that the creditor has plausibly stated a loss or damage as a proximate consequence of the false representation made. *In re Demeza*, 570 B.R. 33, 40 (Bankr. M.D. Pa. 2017) (citing *In re Glunk*, 343 B.R. 754, 758 (Bankr. E.D. Pa. 2006). Count III of the Complaint fails to establish, or even allege, that the Defendant received money or other value based upon a false representation as required by the first element § 523(a)(2). Without such a showing, Plaintiff's claim under this theory cannot succeed. Therefore, Count III of the Complaint fails to state a claim upon which relief may be granted pursuant to §§ 523(a)(2)(A) or 523(a)(2)(B).

Count III of the Complaint also fails to state a claim upon which relief may be granted under a theory of actual fraud pursuant to § 523(a)(2)(A). For a debt to be found non-dischargeable due to actual fraud pursuant to § 523(a)(2)(A), the Plaintiff must establish that: (1)

the debtor engaged in actual fraud; (2) the debtor obtained money, property, services or credit by engaging in actual fraud; and (3) the debt arose from the actual fraud. *Hatfield v. Thompson (In re Thompson)*, 555 B.R. 1, 10 (B.A.P. 10th Cir. 2016). The phrase "actual fraud" in § 523(a)(2)(A) "encompasses debts that arise from 'any deceit, artifice, trick, or design involving direct and active operation of the mind used to circumvent and cheat another.'" *In re Moschell*, No. AP 19-02104-JAD, 2019 WL 5496055, at *6 (Bankr. W.D. Pa. Oct. 25, 2019) (citing *Elliott et al. v. Kiesewetter (In re Kiesewetter)*, 391 B.R. 740 (Bankr. W.D. Pa. 2008); *see also Husky Int'l Elecs., Inc. v. Ritz*, 136 S. Ct. 1581, 1586, 194 L. Ed. 2d 655 (2016) ("The term 'actual fraud' in § 523(a)(2)(A) encompasses forms of fraud . . . that can be effected without a false representation" and can be found "in the acts of concealment and hindrance.").

The well-pleaded allegations of the Complaint might be interpreted as a claim for conversion or actual fraud under the standards set forth above. However, a count under § 523(a)(2) sounds in fraud and therefore must be pleaded with particularity. Fed. R. Civ. P. 9(b), made applicable by Fed. R. Bankr. P. 7009 ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."). The Plaintiff's allegations in Count III of the Complaint fail to meet this standard. Therefore, Count III of the Complaint fails to state a claim upon which relief may be granted under a theory of actual fraud pursuant to § 523(a)(2)(A).

### 4. Count IV - DENIAL OF DISCHARGE PURSUANT TO § 523(A)(2)(A) FRAUDULENT TRANSFERS

In Count IV, the Plaintiff again asserts that her claims against the Debtor should be excepted from discharge under § 523(a)(2)(A), this time under a theory of fraudulent transfer. The Plaintiff relies upon the Supreme Court's holding in *Husky Int'l Elecs., Inc. v. Ritz*, 136 S. Ct. 1581, 1586, 194 L. Ed. 2d 655 (2016) to support her theory. The Plaintiff here misconstrues the

holding in *Husky*. In that case, the Supreme Court extended the definition of "actual fraud" in § 523(a)(2)(A) to encompass schemes that do not involve a false representation, such as fraudulent conveyance schemes. To the extent that this court has already addressed this expanded definition of "actual fraud" as it relates to matters other than fraudulent conveyance schemes,[3] Count IV is dismissed as redundant. To the extent that Plaintiff seeks an exception from discharge under § 523(a)(2)(A) based upon a theory of fraudulent transfer, Count IV is dismissed for failure to state a claim upon which relief may be granted.

To establish a fraudulent transfer pursuant to § 548(a)(1) as it relates to this proceeding, the Plaintiff must first establish a "transfer . . . of an interest of the debtor in property." 11 U.S.C. § 548(a)(1). Count IV of the Complaint does not contain any well-pleaded allegations establishing such a transfer. To the contrary, the only well-pleaded transfer referenced by the Plaintiff in Count IV involves a transfer of an interest *of the Plaintiff* in property from the 401(k) to the Debtor. Compl. 7–10, 12, 18, 39. This allegation is insufficient to meet the most basic element of a fraudulent transfer under § 548(a)(1). Therefore, Count IV of the Complaint fails to state a claim upon which relief may be granted pursuant to § 523(a)(2) under a fraudulent transfer theory.

### 5. Count V - BREACH OF FIDUCIARY DUTY AND DEFALCATION UNDER § 523(A)(4)

In Count V, the Plaintiff asserts that her claim against the Debtor should be excepted from discharge under § 523(a)(4) as a debt arising from fraud or defalcation while acting in a fiduciary capacity. "Nondischargeability based on fraud or defalcation requires proof that the debtor was acting in a fiduciary capacity." *In re Adalian*, 474 B.R. 150, 161 (Bankr. M.D. Pa. 2012). Proving that the debtor was acting in a fiduciary capacity, in turn, requires a showing that the

---

[3] See discussion in Count III, *supra*.

8

Case 1:19-ap-00069-HWV    Doc 12    Filed 12/05/19    Entered 12/05/19 13:20:28    Desc
Main Document    Page 8 of 10

debtor is a trustee under an "express" or "technical" trust. *In re Davis*, 476 B.R. 191, 195–96 (Bankr. W.D. Pa. 2012). "Constructive and *ex maleficio* trusts do not qualify." *Id*. at 195. For an express or technical trust to exist under applicable law, there must have been an express intention to create a trust. *Id.* at 195–96. Count V of the Complaint does not contain well-pleaded allegations establishing an express intention to create a trust. To the contrary, the Plaintiff relies entirely upon the QDRO and Divorce Decree for the creation of a fiduciary duty, neither of which refer to an express trust. *See* Compl. 66. Therefore, Count V of the Complaint fails to state a claim upon which relief may be granted pursuant to § 523(a)(4) under a theory that the Defendant owes a debt arising from fraud or defalcation while acting in a fiduciary capacity.

Nor has the Plaintiff stated a plausible claim for relief against the Defendant under the theories of larceny or embezzlement. "Embezzlement is the fraudulent appropriation of property by a person to whom such property has been entrusted, or into whose hands it has lawfully come." *In re Blair*, 569 B.R. 224, 229–30 (Bankr. M.D. Pa. 2017). Embezzlement requires a showing of wrongful intent. *Bullock v. BankChampaign, N.A.*, 569 U.S. 267, 274–75 (2013) (citations omitted). Larceny differs in that it requires the initial appropriation to be unlawful. *In re Crawford*, 476 B.R. 890, 897 (Bankr. W.D. Pa. 2012). There are no well-pleaded averments in the Complaint suggesting that the Defendant's initial appropriation of the Plaintiff's vested property interests in the 401(k) and Stock was unlawful. Thus, Count V of the Complaint fails to state a claim upon which relief may be granted pursuant to § 523(a)(4) under a theory of larceny.

Regarding embezzlement, the Plaintiff here has pleaded that the Defendant came into possession of her vested property interests in the 401(k) and Stock. Compl. 12, 15–16, 18, 22, 38–39, 45, 46. The Plaintiff has also pleaded that the Defendant deprived her of her vested property interests in the 401(k) and Stock by converting it to his own use as evidenced by his

9

failure to turn it over to her prepetition and by the absence of any reference thereto in the Defendants bankruptcy schedules post-petition. Compl. 13, 15, 23, 24. However, the Plaintiff has failed to plead that the Defendant acted with the necessary intent to deprive her of her property interests rather than from a mistaken belief that he was entitled to act as he did under the law. Therefore, Count V of the Complaint fails to state a claim upon which relief may be granted pursuant to § 523(a)(4) under a theory of embezzlement.

### C. Leave to Amend

Leave to amend complaints should be granted freely. Courts should grant leave to amend unless amendment would be futile. Here, it is appropriate to grant Plaintiff leave to amend her Complaint.

Accordingly, in view of the foregoing, it is hereby

**ORDERED** that Defendant's Motion is **GRANTED IN PART** and **DENIED IN PART**; and it is

**FURTHER ORDERED** that Counts III, IV, and V are dismissed for failure to state a claim upon which relief may be granted; and it is

**FURTHER ORDERED** that the Motion is denied with respect to Counts I and II; and it is

**FURTHER ORDERED** that the Plaintiff shall have thirty (30) days from the date of this Order to amend her Complaint.

Dated: December 5, 2019

By the Court,

_____
Henry W. Van Eck, Bankruptcy Judge (JH)